IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Rikam Ikkesh Dozier,                )
                                    )    C/A No. 4:16-712-TMC
                    Petitioner,     )
                                    )
        vs.                         )    **ORDER**
                                    )
Laura E. Caldwell, Warden,          )
                                    )
                    Respondent.     )
                                    )

Petitioner Rikam Ikkesh Dozier, a state prisoner proceeding pro se, filed this habeas action

pursuant to 28 U.S.C. § 2254.   In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule

73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before the court

is the magistrate judge's Report and Recommendation ("Report"), recommending that the action be

dismissed with prejudice for failure to prosecute.  (ECF No. 20).  Petitioner was advised of his right

to file objections to the Report.  (ECF No. 20-1).  Rather than file objections, Petitioner filed a

motion for an extension of time to file a response to the pending summary judgment motion.  (ECF

No. 23).   On August 18, 2016, the court granted Petitioner an extension and he was given until

September 6, 2016, to file a response to the pending summary judgment motion.   (ECF No. 25).

He was warned that failure to timely file a response to the summary judgment motion might result

in the  dismissal of this case for failure to prosecute.  *Id.*

The Report has no presumptive weight and the responsibility to make a final determination

in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In the

absence of objections, this court is not required to provide an explanation for adopting the Report.

*See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed

objection, a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the court adopts the Report (ECF No. 20) and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 13, 2016
Anderson, South Carolina

2